IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION
CIVIL NO.: 0:26-CV-00624-MGL

LATONIA THOMPSON,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        **JOINT RULE 26.03**
                                     )           **Queries**
ALI REZA AHMADI and ADAM FREIGHT,    )
LLC,                                 )
                                     )
                                     )
            Defendants.              )
                                     )

The parties agree and stipulate to the following

**A.  Local Rule 26.03 Queries**

**1.  Short Statement of the Facts**

**a.  Plaintiff**

Plaintiff brings this negligence case seeking damages for injuries, lost wages, and pain and suffering resulting from injuries sustained when she was involved in a motor vehicle accident on I-77 that was caused by Defendant driver's actions and inactions.  Plaintiff claims that Defendant driver's negligent actions caused the motor vehicle accident and, additionally, that Defendant driver's violation of traffic statutes constitute negligence per se.   Plaintiff claims that the corporate Defendant is liable vicariously for their driver, for negligently entrusting him with a tractor trailer to drive and for negligent hiring, training, and supervision of their driver.  Plaintiff further claims that corporate Defendant was negligent in failing to administer acceptable driving protocols, safety protocols, and maintenance requirements.   Plaintiff claims that

Defendant driver's actions were reckless, willful & wanton such that a claim for punitive damages is warranted.

### b. Defendants

Defendants deny liability in this matter. Investigation into this matter is ongoing, and at this point Defendants have not concluded their factual investigation.

### 2. Fact Witnesses

### a. Plaintiff

i.      Latonia Thompson

Plaintiff is expected to testify as to the incident and her injuries, treatment, lost wages, and ongoing symptoms and conditions, and her primary medical providers will likely be called to testify as to the accident and the nature of his injuries and treatment.  Defendant representatives will likely be called to testify as to their procedures and protocols for driving.

ii.      Defendant Representatives

Defendant representatives are expected to testify regarding policies and procedures, practices, customs, and standard operating procedures for driving tractor trailers.

iii.      Medical Providers

Plaintiff's medical providers and expected to testify as to her causally related care and treatment, as well as the reasonableness of the medical expenses and his future outlook.

iv.      Jabari Thompson

Plaintiff's husband is expected to testify as to the incident and to the effect it has had and continues to have on the Plaintiff in her day to day life.

### b. Defendants

i.      Ali Reza Ahmadi

Defendant is expected to testify as to the facts pertaining to the subject incident. He is also expected to testify as to other facts pertinent to this matter.

ii.      Representatives of Adam Freight, LLC

Defendant is expected to testify as to the facts pertaining to the subject incident. They are also expected to testify as to other facts pertinent to this matter.

Defendant reserves the right to call any and all of the Plaintiff's medical care providers, if necessary.  Defendant also reserves the right to name and call any witnesses identified by Plaintiff and any witnesses identified through the course of discovery.

### 3. Expert Witnesses

Experts have not been identified in the matter.  Expert subject matter would be in the field of trucking and driving practices.  The parties have agreed to comply with the expert disclosure deadlines set forth in the Amended Scheduling Order.

### 4. Claims and Defenses

#### a.  Plaintiff

Negligence **-** To establish a negligence claim under South Carolina law, a plaintiff must demonstrate "(1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the breach of duty." *Fowler v. Hunter*, 388 S.C. 355, 697 S.E.2d 531, 534 (2010).

Negligence Per Se – The causative violation of a statute constitutes negligence per se and is evidence of recklessness and willfulness, requiring the submission of the issue of punitive

damages to the jury. *Daniels v. Bernard,* 270 S.C. 51, 240 S.E.2d 518 (1978); *Shearer v. DeShon*, 240 S.C. 472, 126 S.E.2d 514 (1962).

Vicarious Liability – "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.,* 661 S.E.2d 329, 330 (S.C. 2008). "Such liability is not predicated on the negligence of the employer, but upon the acts of the employee, whether those acts occurred while the employee was going about the employer's business, and the agency principles that characterize the employer-employee relationship." *Id.* "Agency is a fiduciary relationship which results from the manifestation of consent by one person to another to be subject to the control of the other and to act on his behalf." *Peoples Fed. Savs. & Loan Ass'n v. Myrtle Beach Golf & Yacht Club,* 425 S.E.2d 764, 773 (S.C. Ct. App. 1992). The relationship is based on consent, so a principal can limit an agent's authority. *See Winship v. Bank of U.S.,* 30 U.S. 529, 561 (1831); *see also Fender v. N.Y. Life Ins. Co.,* 155 S.E. 577, 584 (S.C. 1930). South Carolina law directs that, "[t]he test to determine agency is whether or not the purported principal has the right to control the conduct of his alleged agent." *Fernander v. Thigpen,* 293 S.E.2d 424, 426 (S.C. 1982).

Negligent Hiring, Training & Supervision – "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public."

*See* RESTATEMENT (SECOND) OF TORTS § 317 (1965) (*Cited with approval in Degenhart v. Knights of Columbus*, 309 S.C. 114, 116, 420 S.E.2d 495, 496 (1992)).

Punitive Damages – To recover punitive damages in a negligence action, a plaintiff must provide evidence that the defendant's conduct was willful, wanton, or in reckless disregard of the plaintiff's rights. *Lengel v. Tom Jenkins Realty, Inc.*, 286 S.C. 515, 334 S.E.2d 834 (Ct.App.1985).

### b. Defendants

Proximate Cause – Although the Defendants admit that the collision occurred between the Defendant's vehicle and the vehicle operated by the Plaintiff, the Defendants would state, upon information and belief, that the injuries complained of by the Plaintiff were not proximately caused by the accident, and therefore the Defendants assert lack of proximate cause as a defense to this accident.

Punitive Damages – The Defendants would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that these Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because these Defendants can be compelled to give testimony against themselves in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates these Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these

Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

Any award of punitive damages should not exceed the greater of three (3) times the amount of compensatory damages as provided for in S.C. Code Ann. §15-32-530.

### 5. Scheduling

Scheduling is addressed in the Consent Amended Scheduling Order

### 6. Circumstances Affecting Time Frame

The parties are not aware of any scheduling conflicts.

### 7. Additional Information Requested in the Pre-Scheduling Order

#### a. Magistrate Judge

The parties do not agree to consent to a trial before a United States Magistrate Judge.

### B. Additional 26(f) Responses

#### 1. Nature and Basis of Claims

The nature and basis of the claims is this case are discussed above in Items A. 1. and A.

**2. Possibilities for Prompt Settlement.**

The parties are currently assessing settlement prospects and have both indicated an interest in resolving the matter, preferably in the short term.

**3. Initial Disclosures**

Initial disclosures have been made in accordance with the Consent Amended Scheduling Order.

**4. Preserving Discoverable Information**

The parties agree to preserve electronic and non-electronic discoverable information.

**5. Discovery Plan**

Discovery deadlines in the Consent Amended Scheduling Order were agreed to by the parties.

The parties do not believe that modifications to ordinary procedures regarding claims of privilege or discovery limitations are necessary at this time.

*(signatures on following page)*

| **PLAINTIFF(S)** | **DEFENDANT(S)** |
|---|---|

*s/John M. Grantland*
*s/J.D. Jacobus*

*s/C. J. Childers*

_____

*Signature of Plaintiff's Counsel*

_____

*Signature of Defendant's Counsel*

C. J. Childers
Latonia Thompson

John M. Grantland
J. D. Jacobus
Ali Reza Ahmadi

_____

*Printed Name of Plaintiff's Counsel*
*and Party Represented*

_____

*Printed Name of Defendant's Counsel*
*and Party Represented*

Dated: 06-26-26

*s/John M. Grantland*
*s/J.D. Jacobus*

_____

*Signature of Defendant's Counsel*

John M. Grantland
J. D. Jacobus
Adam Freight, LLC

_____

*Printed Name of Defendant's Counsel*
*and Party Represented*

Dated: 06-26-26